UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEIERLS FOUNDATION INC. and<br>E. JEFFREY PEIERLS, individually<br>and as trustee<br><br>          Plaintiffs,<br>v.<br><br>JAMES E. RURKA, MARK SKALETSKY,<br>PAUL J. MELLETT, RICHARD ALDRICH,<br>KATE BINGHAM,<br>CHARLES W. NEWHALL III,<br>DAVID SCHNELL, and JOHN P. WALKER<br><br>          Defendants. | Civil Action No. 03-12213 EFH |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties have conferred pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1. Pursuant to Fed. R. Civ. P. 16 and 26(f), Local Rule 16, and this Court's Notice of Scheduling Conference, the parties submit the following:

**I.**     **Proposed Schedules**

Defendants have filed a Motion to Dismiss, and Plaintiffs have filed their Opposition papers thereto. The Parties respectfully request that the Court schedule a hearing on the Motion at the Court's earliest opportunity.

Pursuant to Section 21D(b)(3)(B) of the Securities Exchange Act of 1934, all discovery shall be stayed during the pendency of Defendants' Motion to Dismiss. The parties disagree about the scope and timeframe for discovery following this Court's decision on the Defendants' Motion to Dismiss. Their alternative plans are stated below.

A.  **Plaintiff's Proposed Plan**

  1.  **Discovery**

1. The parties shall serve their respective automatic disclosure statements within 20 days of the date the Court rules on the Motion to Dismiss (the "Ruling").

2. Fact discovery, both written and deposition, may commence immediately following the Ruling, and may be conducted concurrently. Subject to further Order of the Court, the number of discovery events are as follows: Each side shall be entitled to no more than 15 depositions, plus expert and Keeper of Records depositions; each side can serve 25 interrogatories on each opposing party (such that Plaintiffs as a side can serve a set of 25 on each Defendant, and Defendants as a side can serve 25 interrogatories on each Plaintiff); each side can serve 25 requests for admission on each opposing party not including requests seeking solely an admission as to authentication of documents, which shall not be limited; and each side can serve 2 sets of requests for production as to each opposing party, without limitation on the number of requests in each set.

3. All non-expert fact discovery shall be completed within 240 days of the date of the Ruling.

4. Plaintiffs shall identify their expert(s) and submit their Fed. R. 26(a)(2) disclosure within 270 days of the date of the Ruling.

5. Defendants shall identify their expert(s) and submit their Fed. R. 26(a)(2) disclosure within 30 days of Plaintiffs' identification of expert(s).

6. Plaintiffs shall identify their rebuttal and/or supplemental expert(s) and submit their Fed.R. 26(a)(2) disclosure within 20 days of Defendants' identification of expert(s).

7. All expert depositions shall be completed within 360 days of the date of the Ruling.

8. Fed. R. 26(a)(3) Pretrial Disclosures shall be filed within 390 days of the date of the Ruling.

9. The Plaintiffs propose that the final pre-trial conference occur within 420 days of the date of the Ruling and that trial be scheduled within 450 days of the date of the Ruling, consistent with the Court's availability.

### 2. Motions

1. Motions to amend and join additional parties shall be filed within 120 days of the date of the Ruling.

2. All discovery motions, except those relating to expert discovery, shall be filed within 240 days of the date of the Ruling. Any motion relating to expert discovery shall be filed within 360 days of the date of the Ruling.

3. All dispositive pretrial motions shall be filed within 390 days of the date of the Ruling.

### B. Defendants' Proposed Plan

#### 1. Discovery

1. The parties shall serve their respective automatic disclosure statements within 20 days of the date the Ruling.

2. Subject to further order of the Court, the number of discovery events are as follows: Each side shall be entitled to no more than 10 depositions, plus expert and Keeper of Records depositions, 25 interrogatories as to each party (provided that no more than 80 interrogatories shall be interrogatories that were not propounded on all defendants), 30 requests for admission, and 60 requests for production.

3. All non-expert fact discovery shall be completed within 300 days of the date of the Ruling.

4. Plaintiffs shall identify their expert(s) and submit their Fed. R. 26(a)(2) disclosure within 330 days of the date of the Ruling.

5. Defendants shall identify their expert(s) and submit their Fed. R. 26(a)(2), including any rebuttal evidence, disclosure within 390 days of the date of the Ruling.

6. All expert depositions shall be completed within 450 days of the date of the Ruling.

7. Fed. R. 26(a)(3) pretrial Disclosures shall be filed within 30 days of a ruling on a dispositive motion, or, if no dispositive motion is filed, within 60 days of the date of the completion of expert discovery.

8. The Defendants propose that the final pre-trial conference and the trial be scheduled according to the Court's calendar.

    **2.**    **Motions**

1. Motions to amend and join additional parties shall be filed within 120 days of the date of the Ruling.

2. All discovery motions, except those relating to expert discovery, shall be filed within 300 days of the date of the Ruling. Any motion relating to expert discovery shall be filed within 450 days of the date of the Ruling.

3. All dispositive pre-trial motions shall be filed within 510 days of the date of the Ruling.

**II.**    **Certification of Consultation**

The Plaintiffs have attached herewith the certification required by Local Rule 16.1(D)(3). The Defendants shall submit their certifications promptly.

**III.**    **Trial By Magistrate**

The parties do not consent to trial by magistrate at this time.

PLAINTIFFS
By their attorneys,

_____
David E. Marder, Esq. (BBO #552485)
Lisa A. Furnald, Esq. (BBO # 631059)
Robins, Kaplan, Miller & Ciresi L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199
(617) 267-2300

Susan Bernhardt, Esq.
Netzorg McKeever Koclanes & Bernhardt LLC
1670 Broadway, Suite 500
Denver, CO 80202
(303) 864-1000


DEFENDANTS
By their attorneys,

_____
Steven W. Hansen, Esq.(BBO # 220820)
Matthew C. Applebaum, Esq. (BBO # 653606)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110


Dated: May __5th__, 2004

Dated: May __5th__, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEIERLS FOUNDATION INC. and<br>E. JEFFREY PEIERLS, individually<br>and as trustee<br><br>Plaintiffs,<br>v.<br><br>JAMES E. RURKA, MARK SKALETSKY,<br>PAUL J. MELLETT, RICHARD ALDRICH,<br>KATE BINGHAM,<br>CHARLES W. NEWHALL III,<br>DAVID SCHNELL, and JOHN P. WALKER<br><br>Defendants. | Civil Action No. 03-12213 EFH |

### PLAINTIFFS' CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

Plaintiffs Peierls Foundation, Inc. and Jeffrey Peierls, individually and as trustee, and their counsel hereby certify that they have conferred: (a) With a view to establishing a budget for the cost of conducting the full course, and various alternative courses, of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____
Peierls Foundation, Inc.,
by its President, E. Jeffrey Peierls

_____
E. Jeffrey Peierls,
Individually and as Trustee

Dated: May 3, 2004

_____
Susan Bernhardt, Esq.
Netzorg McKeever Koclanes & Bernhardt LLC
1670 Broadway, Suite 500
Denver, Colorado 80202

Dated: May 4, 2004

Word 35015225.1