IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 24  P 3: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| PEIERLS FOUNDATION, INC. and E. JEFFREY PEIERLS, individually and as trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03 CV 12213 EFH |
| JAMES E. RURKA, MARK SKALETSKY, PAUL J. MELLETT, RICHARD ALDRICH, KATE BINGHAM, CHARLES W. NEWHALL III, DAVID SCHNELL, and JOHN P. WALKER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANTS TO COMPLAINT AND JURY DEMAND

Defendants answer the allegations of the Complaint as follows:

1.    <u>First Sentence</u>.   Lack knowledge or information sufficient to form a belief and therefore deny.

<u>Second Sentence</u>.    Admit.

<u>Third Sentence</u>: Lack knowledge or information sufficient to form a belief and therefore deny.

<u>Fourth Sentence</u>: Admit only that Essential common stock traded on the Nasdaq National Market System from approximately October 24, 2001 through approximately April 14, 2003.

<u>Fifth, Sixth, Seventh, Eighth and Ninth Sentences</u>: Lack knowledge or information sufficient to form a belief and therefore deny.

LITDOCS:550183.1

-2-

2.      First Sentence: Admit only that on approximately April 11, 2003, Essential announced that Nasdaq had notified Essential that it would be delisted.

        Second Sentence: Admit only that in October 2001, Essential completed a private sale to venture capital investors of 60,000 shares of convertible, redeemable preferred stock (the "Preferred Stock") for a total purchase price of $60 million, and that the Preferred Stock was not "stockholders' equity" under SEC rules or for purposes of Nasdaq listing requirements.

        Third and Fourth Sentence: Admit only that Essential filed for bankruptcy protection on May 2, 2003.

3.      Denied.

4.      This paragraph solely states conclusions of law as to which no response is required.

5.      This paragraph solely states conclusions of law as to which no response is required.

6.      Admit that venue is proper in this District.

7.      This paragraph solely states conclusions of law as to which no response is required.

8.      Lack knowledge or information sufficient to form a belief and therefore deny; except deny that Essential's SEC filings contained any false or misleading statements.

9.      Lack knowledge or information sufficient to form a belief and therefore deny.

10.     Lack knowledge or information sufficient to form a belief and therefore deny.

11.     Admit.

-3-

12.    Admit.

13.    <u>First Sentence</u>:    Admit.

<u>Second Sentence</u>:    Admit only that Mr. Walker was on a subcommittee appointed by the Microcide Board on July 11, 2000, in connection with the Board's discussion of various financing strategies and alternatives, as well as forward-integration possibilities and strategic alternatives.

14.    <u>First Sentence</u>:    Admit.

<u>Second Sentence</u>:    Admit only that Dr. Schnell resigned from the Microcide Board effective June 5, 2001.

<u>Third Sentence</u>:    Admit only that Dr. Schnell was a managing partner of Prospect Venture Partners.

<u>Fourth Sentence</u>:    Admit only that Dr. Schnell was named to fill a vacant seat on the Board of Directors by Prospect Venture Partners, a venture capital firm that purchased Preferred Stock.

15.    Admit that Mr. Mellett was Chief Financial Officer of Althexis before the merger transaction and served as a Senior Vice President, Chief Financial Officer, and Treasurer at Essential until August 2003.

16.    <u>First Sentence</u>:    Admit.

<u>Second Sentence</u>:    Admit only that Ms. Bingham was named to fill a vacant seat on the Board of Directors by a venture capital firm that purchased Preferred Stock.

17.    <u>First Sentence</u>:    Admit.

<u>Second Sentence</u>:    Admit only that Mr. Newhall was named to fill a vacant seat on the Board of Directors by New Enterprise Associates, a venture capital firm that purchased Preferred Stock.

18.    Admit.

-4-

19.   First and Second Sentences:      Admit.

Third Sentence:    Admit only that on July 30, 2001, Microcide shares opened at a price of $4.12 per share and closed at a price of $4.57 per share on Nasdaq according to Bloomberg L.P.

Fourth Sentence:    Denied, except admit that on July 30, 2001, Microcide and Althexis issued a press release announcing a proposed financing of $60 million through a private placement of convertible redeemable preferred stock. The press release speaks for itself as to its content.  Deny that these sentences contain complete and accurate quotations of relevant portions of the Form 8-K and the attached press release.

Fifth and Sixth Sentences:      Admit.

20.   First, Second and Third Sentences:      Admit only that on October 25, 2001, Microcide and Althexis issued a press release, which was filed with the SEC on Nov. 8, 2001, announcing the completion of the merger transaction.  The press release speaks for itself as to its content.  Deny that these sentences contain complete and accurate quotations of relevant portions of the Form 8-K and the attached press release.

Fourth Sentence:    Admit.

21.   First Sentence:    Admit only that Essential filed a Form 10-Q with the SEC on November 14, 2001. The Form 10-Q speaks for itself as to content, but contained several references to the Preferred Stock.  Deny that this paragraph contains a complete and accurate quotation of relevant portions of the Form 10-Q.

22.   Lack knowledge or information sufficient to form a belief and therefore deny.

23.   Lack knowledge or information sufficient to form a belief and therefore deny.

-5-

24.    Lack knowledge or information sufficient to form a belief and therefore deny.

25.    <u>First and Second Sentences</u>:        Lack knowledge or information sufficient to form a belief and therefore deny.

<u>Third Sentence</u>:        Admit only that Essential filed a Form 10-K with the SEC on March 29, 2002. The Form 10-K speaks for itself as to content, but contained several references to the Preferred Stock. Deny that this paragraph contains a complete and accurate quotation of relevant portions of the Form 10-K.

<u>Fourth Sentence</u>:        Admit; except deny that Aldrich and Walker signed the Form 10-K.

<u>Fifth Sentence</u>:        Lack knowledge or information sufficient to form a belief and therefore deny.

26.    Lack knowledge or information sufficient to form a belief and therefore deny.

27.    Lack knowledge or information sufficient to form a belief and therefore deny.

28.    <u>First Sentence</u>:        Lack knowledge or information sufficient to form a belief and therefore deny.

<u>Second, Third, and Fourth Sentences</u>:        Admit only that Essential issued a press release dated November 13, 2002. The press release speaks for itself as to content but generally dealt with a plan to convert the Preferred Stock into common stock as part of plan to achieve compliance with Nasdaq National Market System listing criteria.

29.    <u>First Sentence</u>:        Deny, except admit that the conversion proposal did not receive the affirmative vote of stockholders holding a majority of the outstanding shares of common stock.

-6-

Second Sentence:    Admit only that on January 31, 2003 Essential received a determination letter from Nasdaq indicating that Essential would be delisted.

Third Sentence:    Admit only that Essential issued a press release on March 4, 2003 referring to a Nasdaq Listing Qualification Panel hearing date.

Fourth and Fifth Sentences:    Admit.

30.    Deny.

31.    First Sentence:    Lack knowledge or information sufficient to form a belief and therefore deny.

Second and Third Sentences:    Deny.

Fourth Sentence:    Admit only that as of the filing of Essential's Form 10-K for 2001, its development of potential pharmaceutical products was expected to require substantially more money than Essential then had.

Fifth Sentence:    Deny.

Sixth and Seventh Sentences:    Lack knowledge or information sufficient to form a belief and therefore deny; except deny that Essential's SEC filings represented that the $60 million financing was part of shareholders' equity.

32.    Deny.

33.    Defendants incorporate by reference their responses to paragraphs 1-32.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

39.    Deny.

-7-

40.    Defendants incorporate by reference their responses to paragraphs 1-39.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Plaintiffs' unnumbered concluding paragraph constitutes a demand for judgment to which no response is required.

45.    Any allegation not admitted is denied.

### SEPARATE DEFENSES

46.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

47.    Plaintiffs' claims are barred, in whole or in part, by the Statute of Limitations.

48.    Plaintiffs' claims are  barred, in whole or in part, by the doctrines of waiver and estoppel.

49.    Plaintiffs' claims are barred because they have no damages.

50.    Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages.

51.    Defendants acted in good faith and had no knowledge of any false or misleading statements in Essential's SEC filings.

52.    Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations.

-8-

Respectfully submitted,

**JAMES RURKA,**
**MARK SKALETSKY, PAUL J.**
**MELLETT, RICHARD ALDRICH,**
**KATE BINGHAM, CHARLES W.**
**NEWHALL III, DAVID SCHNELL,**
**AND JOHN P. WALKER,**

By their attorneys,

Steven W. Hansen (BBO# 220820)
Matthew C. Applebaum (BBO# 653606)
**Bingham McCutchen LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: May 24, 2004.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon counsel for Plaintiffs, Lisa A. Furnald, Esq., Robins, Kaplan, Miller & Ciresi, L.L.P., 111 Huntington Ave., Boston MA 02199, by hand on May 24, 2004.

Matthew C. Applebaum

LITDOCS:550183.1