UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR -3 A 11:22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PEIERLS FOUNDATION INC. and<br>E. JEFFREY PEIERLS, individually<br>and as trustee<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES E. RURKA, MARK SKALETSKY,<br>PAUL J. MELLETT, RICHARD ALDRICH,<br>KATE BINGHAM,<br>CHARLES W. NEWHALL III,<br>DAVID SCHNELL, and JOHN P. WALKER<br><br>    Defendants. | Civil Action No. 03-12213 EFH |

## JOINT MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND ORDER

Now come the parties pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and respectfully request that the Court enter the proposed Stipulation and Order attached hereto. As grounds for this motion, the parties state as follows:

1. This is a securities action filed under Section 18 of the Securities Exchange Act of 1934, 15 U.S.C. § 78 *et seq*.

2. Discovery has and will require the production or disclosure of information that the disclosing party (including non-parties) considers to be trade secret or confidential business information or documents of a personal nature concerning an individual's private financial affairs.

3. In order to insure that no competitive advantage is gained by any of the parties, or of any non-party, through the use of any document, tangible thing or information of a confidential or proprietary nature, to insure that personal, private documents are protected from disclosure, to expedite the flow of discovery material, and to

facilitate the prompt resolution of disputes over confidentiality and the filing of exhibits with the Court, the parties are filing the within motion for a protective order governing the production, use, and disclosure of confidential information in this action.

4. If confidential or proprietary information is disclosed to persons not involved in this case, it may result in competitive harm to the producing party. If such confidential information is filed with the Court during the litigation of this case without being filed under seal and the public is allowed access to it, then the confidentiality of the information will be lost. There is no less drastic way to preserve the confidentiality of the information and documents than to permit the filing of such documents under seal. Simply put, no procedure other than filing under seal will sufficiently protect the confidentiality of the information the parties anticipate filing with the Court.

5. The parties anticipate that there may be numerous occasions during the litigation when documents of a trade secret or proprietary nature or that are personal in nature will be filed, and therefore believe that, although different from Local Rule 7.2(e), the best method to simplify the filing of such information and to promote judicial efficiency is to order that all such documents may be filed under seal prospectively.

WHEREFORE, the parties respectfully request that the Court enter the Stipulated Confidentiality Order filed herewith.

| PLAINTIFFS | DEFENDANTS |
| --- | --- |
| By their attorneys, | By their attorneys, |

_____
David E. Marder, Esq. (BBO #552485)
Lisa A. Furnald, Esq. (BBO # 631059)
Robins, Kaplan, Miller & Ciresi L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199
(617) 267-2300

Peter Koclanes, Esq.
Netzorg McKeever Koclanes & Bernhardt LLC
1670 Broadway, Suite 500
Denver, CO 80202
(303) 864-1000

_____
Steven W. Hansen, Esq.(BBO # 220820)
Matthew C. Applebaum, Esq. (BBO # 653606)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8488

Dated: March 2, 2005

Dated: March 2, 2005