IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR -3 A II: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PEIERLS FOUNDATION, INC. and<br>E. JEFFREY PEIERLS, individually<br>and as trustee,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. RURKA, MARK SKALETSKY,<br>PAUL J. MELLETT,<br>RICHARD ALDRICH,<br>KATE BINGHAM,<br>CHARLES W. NEWHALL III,<br>DAVID SCHNELL, and<br>JOHN P. WALKER, | Civil Action No. 03 CV 12213 EFH |

## **CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER**

It is hereby stipulated to among the parties, through their respective counsel, that:

1. All documents and information provided in the course of discovery (including documents and information provided before the parties entered into this stipulation) or at trial shall be used solely for the purposes of this Action. All documents and information designated by the providing party, including a third-party, as "Confidential" (hereinafter, "Confidential Information") shall be held in confidence and a person receiving Confidential Information shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not entitled to disclosure of Confidential Information under the terms of this Order.

2. Documents and information may be designated as Confidential by stamping that term on each page containing information deemed confidential. In the case of deposition transcripts or transcripts of hearings or trial, designation of a specific portion of the transcripts (excluding exhibits) which contain Confidential Information shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel or by letter within 15 days of the receipt of the transcript or copy

LITDOCS/572190.1

-2-

thereof. All deposition transcripts (excluding exhibits) shall be treated as containing Confidential Information under this Confidentiality Agreement until the expiration of the 15 day period for letter designation.

3. A party receiving a document or information designated as Confidential may contest that designation by providing the party producing the document or information with a writing stating his objection. Unless the party producing the information or document files a motion with the Court within ten (10) business days of receipt of the written objection, the document or information shall no longer be deemed to be Confidential. If a motion is filed, the document or information shall continue to be Confidential unless the Court determines otherwise.

4. Upon final determination of this action, including all appeals, material designated as Confidential and all copies thereof, and all documents reflecting the same, shall be returned within sixty days thereafter by the receiving party to the producing person or, at the option of the receiving party, shall be destroyed. If the producing party so requests, the receiving party shall certify in writing within thirty days of such request to the producing person that, to the best of the certifying party's knowledge, information and belief, and to the best of the party's ability, all such Material and documents have been destroyed.

5. Subject to the terms, conditions, and restrictions of this Order, Confidential Information shall be disclosed only to the following persons:

    A. The parties' retained counsel working on this action, and such counsel's paralegal, secretarial, and clerical employees;

    B. The parties; Trine Pharmaceuticals, Inc., and any potential insurer;

    C. Witnesses or potential witnesses who are contacted by the parties' counsel of record for purposes of pretrial investigation, deposition preparation, or witness interrogation for this action;

-3-

    D. Experts, consultants, and private investigators retained by counsel concerning the preparation and trial of this action;

    E. Employees of third-party contractors performing administrative tasks directly related to the prosecution and/or defense of this action and whose duties require access to Confidential Information;

    F. Court reporters, videographers, and other persons involved in recording deposition testimony in this action;

    G. Employees of copying and/or microfilming services utilized with respect to prosecution and/or defense of this action; and

    H. The Court and any persons employed by the Court whose duties require access to any Confidential Information.

    6. Before disclosing Confidential Information to any person specified in Paragraphs 5(B) through 5(E) above, disclosing counsel shall advise said persons of the provisions of this Stipulation and Order and shall provide those persons with a full copy of this Order. This Order shall bind all parties to this Action and all persons with actual knowledge of the contents of this Order.

    7. Confidential Information need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12, 26, 37, 56 or other matters pending before the Court. If filed, Confidential Information shall be stamped, labeled or otherwise plainly marked "Confidential" shall be filed with the office of the Clerk and remain under seal in the custody of the Court's Courtroom Deputy or Clerk as long as the Confidential Information filed retains its status as Confidential Information. To simplify the filing of confidential materials in the future, and to promote judicial efficiency, all submissions, motions and supporting materials containing Confidential Information filed in the foregoing manner shall be considered impounded, without any further action required by the filing party or the Court. The sealed envelope containing such Confidential Information shall not be opened nor the contents thereof displayed or revealed except for review by the Court or by order of the Court. If such

-4-

sealed envelope is opened by the Court for its review of the Confidential Information contained therein, the envelope shall be re-sealed and returned to the custody of the Courtroom Deputy or Clerk upon completion of the Court's review.

8. In the event that any Confidential Information is subpoenaed by any court, regulatory, administrative or legislative body or any person purporting to have authority to subpoena such information (other than a party to this matter), the receiving party shall not produce such information without first giving written notice to the providing party so as to enable that party to have ten (10) days to seek protective relief, provided that a party may obey any court order preventing the party from providing such notice, in which case the producing party shall provide notice as soon as possible.

9. Inadvertent failure to designate any information later designated as Confidential pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within ten (10) days of the designating party's discovery of the inadvertent failure. At such time, arrangements shall be made for the designating party to appropriately mark and redistribute at no cost the information in accordance with this Order. The recipient(s) shall have no liability, under this Order or otherwise, for any disclosure of information on the ground that the information is Confidential within the meaning of this Order, where such disclosure occurs before the recipient receives the designating party's written notification.

10. Nothing herein shall limit a party's use of its own information or documents, whether or not designated Confidential.

-5-

JAMES RURKA,
MARK SKALETSKY, PAUL J. MELLETT, RICHARD ALDRICH,
KATE BINGHAM, CHARLES W. NEWHALL III, DAVID SCHNELL, AND JOHN P. WALKER,

By their attorneys,

*/s/ Matthew C. Applebaum*
Steven W. Hansen (BBO# 220820)
Matthew C. Applebaum (BBO# 653606)
**Bingham McCutchen LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000


PEIERLS FOUNDATION, INC. and E. JEFFREY PEIERLS, individually and as Trustee,

By their attorneys:

*/s/ David E. Marder*
David E. Marder (BBO# 552485)
Robins, Kaplan, Miller & Ciresi L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
617-267-2300

Susan Bernhardt (Colo. Attorney Reg. #20369)
James N. Phillips (Colo. Attorney Reg. #33114)
Netzorg McKeever Koclanes & Bernhardt LLC
1670 Broadway, Suite 500
Denver, CO 80202
303-864-1000